(June 10, 1994)

In the Matter of RICHARD J. FARLEY, JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [613 NYS2d 458] —Per Curiam. In this attorney disciplinary proceeding, petitioner Committee on Professional Standards charges respondent with failure to file an attorney registration statement and failure to pay the attendant registration fee, as required by Judiciary Law § 468-a (charge I); failure to comply with directives of this Court and petitioner (charge II); and failure to cooperate with petitioner (charge III). Respondent was admitted to practice by this Court in 1974.

After petitioner moved for a default judgment on the petition, respondent belatedly filed an answer. Because respondent has not provided a reasonable excuse for his failure to timely file the answer, we grant petitioner's motion.

As to charge I, we find respondent guilty of conduct prejudicial to the administration of justice and of conduct that adversely reflects on his fitness to practice law by reason of his failure to comply with the attorney registration require-

ments since 1990 *(see,* Judiciary Law § 468-a [5]; *Matter of Agrillo,* 194 AD2d 16, 18). In mitigation, respondent states that he has not engaged in the practice of law since his registration for the 1990-1991 biennial registration period was due in September 1990. Respondent, however, was required to register and pay the registration fee regardless of whether he practiced law *(see,* Judiciary Law § 468-a [4]).

Respondent is also guilty of failure to cooperate with petitioner as alleged in charge III. Until the filing of his late answer, respondent made no reply to letters from petitioner concerning his failure to register, including a formal letter of caution *(see,* 22 NYCRR 806.4 [c] [1] [iii]) dated August 9, 1993; nor to a subsequent motion to summarily suspend respondent from practice; nor to the instant petition and subsequent default judgment motion, both of which were served upon him personally.

We find respondent not guilty of charge II alleging failure to comply with directives of this Court and petitioner. This charge arises out of a 1988 letter of admonition issued to respondent by petitioner which contained the condition that respondent's activities as an attorney be limited to his work with the New York State Legislature and as an associate or consultant with an Albany law firm. Since it appears respondent left the law firm in 1989 and the legislative office in 1990, and has not since engaged in the practice of law, we conclude that respondent has not violated the condition of the letter of admonition.

In view of the charges of misconduct sustained against respondent, especially that of failure of cooperation with petitioner, we conclude that he should be suspended from the practice of law for a period of one year.

Cardona, P. J., Mercure, Crew III, Yesawich Jr., and Peters, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in charges I and III and that charge II is hereby dismissed; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective immediately; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as an agent, clerk or employee of another; and he hereby is forbidden to appear as attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its

application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 [22 NYCRR 806.9] of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.