■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [788 NYS2d 236]—Per Curiam. Petitioner moves to suspend respondent attorneys, all of whom were admitted to practice by this Court, on the ground that they have failed to file a registration statement and pay the required attorney registration fee in accordance with Judiciary Law § 468-a and part 118 of the Rules of the Chief Administrator of the Courts (22 NYCRR part 118).

The moving papers indicate that despite written notices sent to them by the Office of Court Administration and a notice sent by petitioner, respondents have failed to register and pay the required fee.

Judiciary Law § 468-a (5) provides that noncompliance with the statute and rules regarding attorney registration "shall constitute conduct prejudicial to the administration of justice and shall be referred to the appropriate appellate division . . . for disciplinary action." This Court has previously held that failure to comply with the registration requirements is professional misconduct warranting discipline (*see e.g. Matter of Arms,* 251 AD2d 743 [1998]; *Matter of Ryan,* 238 AD2d 713 [1997]; *Matter of Farley,* 205 AD2d 874 [1994]).

In view of respondents' continued failure to comply with the attorney registration requirements of the Judiciary Law and Rules of the Chief Administrator of the Courts, petitioner's motion is granted and the respondents listed on the schedule attached hereto are suspended, effective 30 days from the date of this order, until further order of this Court (*see Matter of Attorneys in Violation of Judiciary Law § 468-a,* 3 AD3d 662 [2004]).

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that the respondents listed on the schedule attached hereto are suspended, effective 30 days from the date of this order, until further order of this Court; and it is further ordered that respondents, for the period of suspension, are commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another, and are forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or to give to another any opinion as to the law or its application or any advice in relation thereto; and it is further ordered that respondents shall comply with the provisions of this Court's rules (22 NYCRR 806.9) regulating the conduct of suspended attorneys.

| ATTORNEY | YEAR OF ADMISSION |
| --- | --- |
| Pretz Amir | 1987 |
| Ana Atallah | 1991 |
| Thomas O. Blazsek | 1995 |
| John V. Bologna | 1989 |
| John N. Chigbu | 1997 |
| Neil G. Duffy | 1983 |
| John W. Hersperger | 1995 |
| Frank W. Hogan, Jr. | 1985 |
| James A. Hogan | 1992 |
| John P. Hogan | 1981 |
| Clinton G. Johnson | 1993 |
| Laura S. Kalick | 1993 |
| Margaret G. McCarthy | 1978 |
| Anthony N. Nduka-Eze | 1995 |
| Lee J. Saltzman | 1993 |
| Deborah A. Sanchez | 1995 |
| Gerald Simpson | 1991 |
| Constantine A. Solomos | 1995 |
| Daniel G. Vatanaviggun | 1995 |
| Kim D. Vo | 1991 |
| Richard J. Whitaker | 1983 |