*State of New York*
*Supreme Court, Appellate Division*

Decided and Entered:  January 19, 2017          D-15-17
_____

In the Matter of JAMES P. WINSTON,
    an Attorney.                             MEMORANDUM AND ORDER
                                                  ON MOTION
(Attorney Registration No. 4594685)
_____

Calendar Date:  January 11, 2017

Before:  Peters, P.J., McCarthy, Rose, Mulvey and Aarons, JJ.

_____

        James P. Winston, Manchester, New Hampshire, pro se.

        Monica A. Duffy, Attorney Grievance Committee for the Third
Judicial Department, Albany, for Attorney Grievance Committee for
the Third Judicial Department.

_____

Per Curiam.

        James P. Winston was admitted to practice by this Court in
2008 and lists a business address in Manchester, New Hampshire
with the Office of Court Administration.  By affidavit sworn to
May 9, 2016, Winston seeks leave to resign from the New York bar
for nondisciplinary reasons (see Uniform Rules for Attorney
Disciplinary Matters [22 NYCRR] § 1240.22 [a]).  The Attorney
Grievance Committee for the Third Judicial Department
(hereinafter AGC) opposes the application by correspondence from
its Chief Attorney.

        Winston's application must be denied.  Judiciary Law § 468-
a and Rules of the Chief Administrator of the Courts (22 NYCRR)
§ 118.1 each require that attorneys admitted to practice in New
York file a biennial registration statement, and attendant fee,
with the Office of Court Administration.  Judiciary Law § 468-a
(5) directly states that the failure to duly register "shall
constitute conduct prejudicial to the administration of justice
and shall be referred to the appropriate appellate division . . .

for disciplinary action" (see Benjamin v Koeppel, 85 NY2d 549, 556 [1995]; see also Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [h]). Further, the Rules of Professional Conduct explicitly define conduct that is prejudicial to the administration of justice as attorney misconduct (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]), and this Court has repeatedly and consistently held that failure to comply with the registration requirements is professional misconduct warranting discipline (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1021 [2014]; Matter of Arms, 251 AD2d 743, 743-744 [1998]; Matter of Ryan, 238 AD2d 713, 713-714 [1997]; Matter of Farley, 205 AD2d 874, 874-875 [1994]).

As noted by AGC, Winston has, to date, not fulfilled his attorney registration requirements for two consecutive biennial periods beginning in 2014. Accordingly, we find that he is ineligible for nondisciplinary resignation and deny his application. We further hold that any future application by Winston for leave to resign for nondisciplinary reasons must be supported by proof of his full satisfaction of the requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.

Peters, P.J., McCarthy, Rose, Mulvey and Aarons, JJ., concur.

ORDERED that James P. Winston's application to resign is denied.

ENTER:

Robert D. Mayberger
Clerk of the Court