*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 19, 2017          D-5-17
_____

In the Matter of JANE MARIE
   HANSON, an Attorney.            MEMORANDUM AND ORDER
                                ON MOTION
(Attorney Registration No. 2065274)
_____

Calendar Date:  January 11, 2017

Before:  Garry, J.P., Egan Jr., Lynch, Rose and Devine, JJ.

_____

     Jane Marie Hanson, Montclair, New Jersey, pro se.

     Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

_____

Per Curiam.

     Jane Marie Hanson was admitted to practice by this Court in 1986 and lists a business address in Montclair, New Jersey with the Office of Court Administration.  By affidavit sworn to June 21, 2016, Hanson seeks leave to resign from the New York bar for nondisciplinary reasons (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [a]).  The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the application by correspondence from its Chief Attorney.  Although not authorized by this Court's rules, Hanson has replied by correspondence dated January 5, 2016, and we have reviewed her submission as an exercise of our discretion.

     Hanson's application must be denied.  Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 each require that attorneys admitted to practice in New

York file a biennial registration statement, and attendant fee, with the Office of Court Administration.  Judiciary Law § 468-a (5) directly states that the failure to duly register "shall constitute conduct prejudicial to the administration of justice and shall be referred to the appropriate appellate division . . . for disciplinary action" (see Benjamin v Koeppel, 85 NY2d 549, 556 [1995]; see also Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [h]).  Further, the Rules of Professional Conduct explicitly define conduct which is prejudicial to the administration of justice as attorney misconduct (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]), and this Court has repeatedly and consistently held that failure to comply with the registration requirements is professional misconduct warranting discipline (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1021 [2014]; Matter of Arms, 251 AD2d 743, 743-744 [1998]; Matter of Ryan, 238 AD2d 713, 713-714 [1997]; Matter of Farley, 205 AD2d 874, 874-875 [1994]).

As noted by AGC, Hanson has, to date, not satisfied the attorney registration requirements for the biennial period beginning in 2016.  Accordingly, we find that she is ineligible for nondisciplinary resignation and deny her application.  We further hold that any future application by Hanson for leave to resign for nondisciplinary reasons must be supported by proof of her full satisfaction of the requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.

Garry, J.P., Egan Jr., Lynch, Rose and Devine, JJ., concur.

ORDERED that Jane Marie Hanson's application to resign is denied.


ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court