*State of New York*
*Supreme Court, Appellate Division*

Decided and Entered:  January 19, 2017        D-4-17
_____

In the Matter of GLORIA HEIDI
    FRANK, an Attorney.            MEMORANDUM AND ORDER
                               ON MOTION
(Attorney Registration No. 2035178)

_____


Calendar Date:  January 11, 2017

Before:  McCarthy, J.P., Egan Jr., Lynch, Rose and Mulvey, JJ.

_____

       Gloria Heidi Frank, Washington, DC, pro se.

       Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

_____

Per Curiam.

       Gloria Heidi Frank was admitted to practice by this Court in 1986 and lists a business address in Washington, DC with the Office of Court Administration.  By affidavit sworn to July 6, 2016, Frank now seeks leave to resign from the New York bar for nondisciplinary reasons (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [a]).  The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the application by correspondence from its Chief Attorney.

       Frank's application must be denied.  Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 each require that attorneys admitted to practice in New York file a biennial registration statement, and attendant fee, with the Office of Court Administration.  Judiciary Law § 468-a (5) directly states that the failure to duly register "shall

constitute conduct prejudicial to the administration of justice and shall be referred to the appropriate appellate division . . . for disciplinary action" (see Benjamin v Koeppel, 85 NY2d 549, 556 [1995]; see also Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [h]). Further, the Rules of Professional Conduct explicitly define conduct that is prejudicial to the administration of justice as attorney misconduct (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]), and this Court has repeatedly and consistently held that failure to comply with the registration requirements is professional misconduct warranting discipline (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1021 [2014]; Matter of Arms, 251 AD2d 743, 743-744 [1998]; Matter of Ryan, 238 AD2d 713, 713-714 [1997]; Matter of Farley, 205 AD2d 874, 874-875 [1994]).

As noted by AGC, Frank has failed to abide by the attorney registration requirements for the biennial period beginning in 2016. Accordingly, we find that she is ineligible for nondisciplinary resignation and deny her application. We further hold that any future application by Frank for leave to resign for nondisciplinary reasons must be supported by proof of her full satisfaction of the requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.

McCarthy, J.P., Egan Jr., Lynch, Rose and Mulvey, JJ., concur.

ORDERED that Gloria Heidi Frank's application to resign is denied.

ENTER:

Robert D. Mayberger
Clerk of the Court