Matter of Cain (2018 NY Slip Op 00513)





Matter of Cain


2018 NY Slip Op 00513


Decided on January 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2018


[*1]In the Matter of ROBERT GAYNOR CAIN, an Attorney. 
(Attorney Registration No. 2268019)

Calendar Date: December 18, 2017

Before: McCarthy, J.P., Egan Jr., Mulvey, Aarons and Pritzker,

 JJ.

Robert Gaynor Cain, South Hero, Vermont, pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Robert Gaynor Cain was admitted to practice by this Court in 1989 and lists a business address in Burlington, Vermont with the Office of Court Administration. Cain has applied to this Court for leave to resign from the New York bar for nondisciplinary reasons (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the application, contending that Cain is ineligible for nondisciplinary resignation because, at the time his application was filed with the Court in October 2017, he had not timely fulfilled his attorney registration requirements for the most recent biennial period beginning earlier in 2017 (see Judiciary Law § 468-a; Matter of Lee-Davis, 154 AD3d 1272 [2017]; Matter of Bomba, 146 AD3d 1226, 1226-1227 [2017]; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1).
In reply, Cain requests that his application be deemed filed with the Court, nunc pro tunc, on July 31, 2017 and asks that the failure to actually file on that date be excused due to law office failure (see generally CPLR 2004; Tewari v Tsoutsouras, 75 NY2d 1, 11-12 [1989]). In support of this request, Cain has provided "a detailed and credible explanation" (People's United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d 1285, 1286 [2012] [internal quotation marks and citation omitted]) for his failure to file his application to resign prior to his registration deadline. Specifically, mindful of his obligation to resign prior to his August 2017 registration deadline, Cain completed the requisite form affidavit (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix E) on July 27, 2017 and instructed administrative personnel within his law firm to submit his application. Said personnel misunderstood instructions provided by this Court's staff (see Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [a]) and accordingly failed to file the original application with the Court. Instead, the original application was submitted to AGC, which ultimately forwarded the application to this Court for filing after [*2]discovering Cain's error. Under these circumstances, and mindful of the absence of any prejudice that would flow from our acceptance of Cain's application, we exercise our discretion to deem the application filed, nunc pro tunc, on July 31, 2017. Accordingly, with AGC voicing no other substantive objection to Cain's application, and having determined that he is eligible to resign for nondisciplinary reasons (compare Matter of Tierney, 148 AD3d 1457, 1458 [2017]; Matter of Bomba, 146 AD3d at 1227), we grant the application and accept his resignation
McCarthy, J.P., Egan Jr., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that Robert Gaynor Cain's application for permission to resign is granted and his nondisciplinary resignation is accepted; and it is further
ORDERED that Robert Gaynor Cain's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further
ORDERED that Robert Gaynor Cain is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and Cain is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that Robert Gaynor Cain shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.