Matter of Freedman (2019 NY Slip Op 03877)





Matter of Freedman


2019 NY Slip Op 03877


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: May 16, 2019
[*1]
In the Matter of STUART J. FREEDMAN, an Attorney.
(Attorney Registration No. 1777903)

Calendar Date: April 22, 2019




Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.

Stuart J. Freedman, Fairfield, New Jersey, pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
 Stuart J. Freedman was admitted to practice by this Court in 1982 and lists a business address in Bridgewater, New Jersey with the Office of Court Administration. Freedman now seeks leave to resign from the New York bar for nondisciplinary reasons (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the application by correspondence from its Chief Attorney.
As is noted by AGC, Freedman is not current in his New York attorney registration requirements, having failed to register for the biennial period beginning in 2018 (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). Inasmuch as Freedman is therefore subject to potential disciplinary action (see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1021 [2014]), he is ineligible for nondisciplinary resignation and his application must be denied (see Matter of Cluff, 148 AD3d 1346, 1346 [2017]; Matter of Bomba, 146 AD3d 1226, 1226-1227 [2017]). Further, any future application by Freedman must be supported by proof of his full satisfaction of the requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (see Matter of Frank, 146 AD3d 1228, 1228-1229 [2017]).
Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that Stuart J. Freedman's application for permission to resign is denied.