Matter of Lindsey (2019 NY Slip Op 53958)





Matter of Lindsey


2019 NY Slip Op 53958


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

PM-209-19

[*1]In the Matter of Max Thomas Lindsey, an Attorney. (Attorney Registration No. 5414305.)

Calendar Date: November 18, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Max Thomas Lindsey, Washburn, Wisconsin, pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Max Thomas Lindsey was admitted to practice by this Court in 2016 and lists a business address in the City of Albany with the Office of Court Administration. Lindsey presently seeks leave to resign from the New York bar for nondisciplinary reasons (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the application by correspondence from its Chief Attorney.As is noted by AGC, Lindsey is presently delinquent in his New York
attorney registration requirements, having failed to register for the biennial period beginning in 2018 (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). Inasmuch as Lindsey is therefore subject to potential disciplinary action (see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706 [2019]), he is ineligible for nondisciplinary resignation and his application must therefore be denied (see Matter of Cluff, 148 AD3d 1346, 1346 [2017]; Matter of Bomba, 146 AD3d 1226, 1226-1227 [2017]). Further, any future application by Lindsey must be supported by proof of his full satisfaction of the requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (see Matter of Frank, 146 AD3d 1228, 1228-1229 [2017]).
Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ., concur.ORDERED that Max Thomas Lindsey's application for permission to
resign is denied.