Matter of Goodman (2020 NY Slip Op 00212)





Matter of Goodman


2020 NY Slip Op 00212


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

PM-14-20

[*1]In the Matter of Jonathan Ross Goodman, an Attorney. (Attorney Registration No. 2812196.)

Calendar Date: December 30, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Jonathan Ross Goodman, Westmount, Canada, pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Jonathan Ross Goodman was admitted to practice by this Court in 1997 and lists a business address in Montreal, Canada with the Office of Court Administration. Goodman now seeks leave to resign from the New York bar for nondisciplinary reasons (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the application by correspondence from its Chief Attorney.
As is noted by AGC, Goodman is presently delinquent in his New York attorney registration requirements, having failed to register for two consecutive biennial periods beginning in 2017 (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). Inasmuch as Goodman is therefore subject to potential disciplinary action (see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1021 [2014]), he is ineligible for nondisciplinary resignation and his application must be denied (see Matter of Cluff, 148 AD3d 1346, 1346 [2017]; Matter of Bomba, 146 AD3d 1226, 1226-1227 [2017]). Further, any future application by Goodman must be supported by proof of his full satisfaction of the requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (see Matter of Frank, 146 AD3d 1228, 1228-1229 [2017]).
Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that Jonathan Ross Goodman's application for permission to resign is denied.