Matter of Attorneys in Violation of Judiciary Law § 468-a. (2020 NY Slip Op 04364)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a.

2020 NY Slip Op 04364

Decided on July 30, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 30, 2020

PM-100-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. 

Calendar Date: June 29, 2020
Before: Garry, P.J., Egan Jr., Clark, Devine and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moves pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (5) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.9 for an order suspending respondent attorneys — all of whom either last listed a registration address within this Judicial Department or were admitted to practice by this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7 [a] [2]) — upon the ground that they have failed to fulfill their respective attorney registration obligations for at least one biennial registration period between 2014-2015 and 2019-2020 (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). Respondents were noticed of the application by publication pursuant to the terms of an order to show cause issued by this Court, which was marked returnable on the adjourned date of June 29, 2020 and which is supported by an affidavit of AGC's counsel with exhibits (see generally Judiciary Law § 90 [6]).[FN1]
Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 each require that attorneys admitted to practice in New York file a registration statement with the Office of Court Administration on a biennial basis. This obligation extends to all attorneys admitted in New York, regardless of where they work or reside, and even applies to attorneys who have been suspended or who have retired from the practice of law altogether (see Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [a]-[c], [g]). After an attorney's initial registration upon admission to the bar, the obligation to register is triggered by the attorney's birthdate every other year thereafter, and an attorney has a 30-day grace period following his or her birthdate in which to satisfy the obligation (see Judiciary Law § 468-a [2]; Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [a]-[c]). Since the registration requirement applies "for as long as the attorney remains duly admitted to the New York bar" (Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [a]-[c]), it may only be terminated by the attorney's death, disbarment or formal resignation upon order of the Appellate Division (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [a]).[FN2]

The failure to duly register as an attorney "shall constitute conduct prejudicial to the administration of justice and shall be referred to the appropriate appellate
division . . . for disciplinary action" (Judiciary Law § 468-a [5]; see Benjamin v Koeppel, 85 NY2d 549, 556 [1995]; Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [h]). To be sure, the Rules of Professional Conduct explicitly define "conduct that is prejudicial to the administration of justice" as attorney misconduct (Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]), and this Court has repeatedly and consistently held that an attorney's failure to comply with his or her registration requirements is professional misconduct warranting the imposition of discipline (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1707 [2019]; Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1021 [2014]; Matter of Arms, 251 AD2d 743, 743—744 [1998]; Matter of Ryan, 238 AD2d 713, 713—714 [1997]; Matter of Farley, 205 AD2d 874, 874—875 [1994]).
AGC has put forth uncontroverted evidence of respondents' misconduct in the form of documentary proof that each respondent has failed to fulfill his or her attorney registration obligations and remains delinquent in that obligation to date (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [5]). Accordingly, AGC's motion is hereby granted and the respondents listed on the schedule attached hereto are suspended, effective immediately and until further order of this Court (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16; see also Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 169 AD3d 1349 [2019]; Matter of Jing Tan, 164 AD3d 1515 [2018]).
Garry, P.J., Egan Jr., Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that the respondents listed on the schedule attached hereto are suspended from the practice of law, effective immediately, and until further order of this Court; and it is further
ORDERED that, for the period of suspension, respondents are commanded to desist and refrain from the practice of law in any form in the State of New York, either as a principal or as an agent, clerk or employee of another; and respondents are hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself or herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondents shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his or her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that this Memorandum and Order on Motion shall be deemed served upon respondents by its publication on the website maintained by this Court and by weekly publication on this Court's Twitter account for a period of no less than 30 days.SCHEDULE PM-100-20
NAME ATTORNEY REG. NO.ADAMS, IRVING L. 2769271
ANDREW, JOHN HENRY 2642270
ANGELES, CHITA OLEGA 2151645
BARCELONA JR., MANUEL A. 1947209BENDOR, ELIAHU HAIM 2080604
BHALLA, RAVINDER SINGH 3901667
BLANEY, BRYAN 2181774
BROWNELL, GLEN W. 1973387
DAVIS, MARY ELIZABETH 2427383
DOLING, RICHARD E. 1171602
DUNCAN, EDWARD DAVID 1659291
ELKIND, STANLEY W. 1882737
FASSETT, EDWARD C. 1701903
FOGLE, KEVIN C. 5233556
GRICE, ROBERT J. 1623255
GROSS, JOSEPH H. 2291144
HANIFIN, JEROME F. 1122324
HARMON, RHASHEA LYNN 4988713
HARTMAN, BARBARA KLINE 2005973
HENRY JR., GUIDO ROMBAUER 2486504
HERNANDEZ, MATEO MIGUEL 2141141
HOLIN, GIDEON 2291250
KAPNECK, DREW LEE 5278098
KOVACH, DONALD L. 2226397
LAROBARDIER, GENEVIEVE K. 1996263
LOPEZ, MARCIAL F. 1951151
MACCARELLI, WILLIAM CHARLES 2009520
MATTHEWS, M GRACE 1820224
MCLEAN, ROBERT T. 4005393
MCSWIGGAN, LAWRENCE J. 3034683
MEYERS, EUGENE I. 1360635
MURPHY, MAURICE JOSEPH 1293893
NICHOLSON JR., HAROLD C. 4261293
SALMON, JAMES FRANKEL 1149350
SCHNEIDER, ERIC 2431633
TRANFO, JOSEPH C. 2632461
WILLNER, ROBERT GARY 1466432
Footnotes

Footnote 1: The original April 2020 return date in this matter was adjourned by operation of this Court's March 2020 administrative order suspending all then-pending deadlines due to the COVID-19 pandemic.

Footnote 2:We further observe that, over and above the biennial registration requirement, every New York attorney also has an affirmative duty to keep the Office of Court Administration apprised of his or her up-to-date contact information (see Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [f]).