Matter of Lim (2021 NY Slip Op 00359)





Matter of Lim


2021 NY Slip Op 00359


Decided on January 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

PM-02-21

[*1]In the Matter of Eden Lee Lim, an Attorney. (Attorney Registration No. 4033114.)

Calendar Date: January 19, 2021

Before: Egan Jr., J.P., Mulvey, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Eden Lee Lim, Oakland, California, pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Eden Lee Lim was admitted to practice by this Court in 2002 and lists a business address in Oakland, California with the Office of Court Administration. Lim has applied to this Court, by affidavit sworn to November 6, 2020, for leave to resign from the New York bar for nondisciplinary reasons (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [a]). In response, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has advised that Lim has failed to fulfill his attorney registration requirements for the most recent biennial period beginning in 2020 (see Judiciary Law § 468-a; Matter of Lee, 148 AD3d 1350 [2017]; Matter of Bomba, 146 AD3d 1226, 1226-1227 [2017]; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1).
In reply to AGC's correspondence, Lim has submitted a supplemental affidavit, dated January 7, 2021, in which he reiterates that his affidavit was sworn to prior to the date he was required to register. Nonetheless, the relevant date in determining the timeliness of respondent's application is the date of filing with this Court (see Matter of Cain, 157 AD3d 1187, 1187 [2018]). Inasmuch as Lim failed to register or submit his application for nondisciplinary resignation prior to the expiration of the 30-day period provided in Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (c), he is delinquent in his obligations and subject to potential disciplinary action, which renders him ineligible for nondisciplinary resignation (see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Accordingly, we deny Lim's application and direct that any future application for nondisciplinary resignation must be supported by proof of his full satisfaction of the requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (see Matter of Frank, 146 AD3d 1228, 1228-1229 [2017]).
Egan Jr., J.P., Mulvey, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that Eden Lee Lim's application for permission to resign is denied.