Matter of Decker (2021 NY Slip Op 04945)





Matter of Decker


2021 NY Slip Op 04945


Decided on September 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 2, 2021

PM-111-21
[*1]In the Matter of Bruce L. Decker Jr., an Attorney. (Attorney Registration No. 4535142.)

Calendar Date:August 30, 2021

Before:Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.

Bruce L. Decker Jr., Erie, Pennsylvania, pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Bruce L. Decker Jr. was admitted to practice by this Court in 2007 and lists a business address in Erie, Pennsylvania with the Office of Court Administration. Decker now seeks leave to resign from the New York bar for nondisciplinary reasons (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the application by correspondence from its Chief Attorney.
As is noted by AGC, Decker is presently delinquent in his New York attorney registration requirements, having failed to register for the most recent biennial period beginning in 2021 (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). Inasmuch as Decker is therefore subject to potential disciplinary action (see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1021 [2014]), he is ineligible for nondisciplinary resignation and his application must be denied (see Matter of Cluff, 148 AD3d 1346, 1346 [2017]; Matter of Bomba, 146 AD3d 1226, 1226-1227 [2017]). Further, any future application by Decker must be supported by proof of his full satisfaction of the requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (see Matter of Frank, 146 AD3d 1228, 1228-1229 [2017]).
Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that Bruce L. Decker Jr.'s application for permission to resign is denied.