Matter of Attorneys in Violation of Judiciary Law § 468-a (2023 NY Slip Op 05028)

Matter of Attorneys in Violation of Judiciary Law § 468-a

2023 NY Slip Op 05028

Decided on October 5, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 5, 2023

PM-238-23
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. 

Calendar Date:September 25, 2023

Before:Lynch, J.P., Clark, Aarons and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moves pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (5) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.9 for an order suspending respondent attorneys — all of whom either last listed a registration address within this Judicial Department or were admitted to practice by this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [a] [2]) — upon the ground that they have failed to fulfill their respective attorney registration obligations for at least one biennial registration period (see Judiciary Law § 468-a; Rules of Chief Admr of Cts [22 NYCRR] § 118.1) and remain delinquent in such obligation to date. Respondents were noticed of the application pursuant to the terms of an order to show cause which was marked returnable September 25, 2023 and is supported by affirmation of AGC's counsel with exhibits (see generally Judiciary Law § 90 [6]).
Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 each require that attorneys admitted to practice in New York file a registration statement with the Office of Court Administration (hereinafter OCA) on a biennial basis. This obligation extends to all attorneys admitted in New York, regardless of where they work or reside, and even applies to attorneys who have been suspended or who have retired from the practice of law altogether (see Rules of Chief Admr of Cts [22 NYCRR] § 118.1 [a]-[c], [g]). After an attorney's initial registration upon admission to the bar, the obligation to register is triggered by the attorney's birthdate every other year thereafter, and an attorney has a 30-day grace period following his or her birthdate in which to satisfy the obligation (see Judiciary Law § 468-a [2]; Rules of Chief Admr of Cts [22 NYCRR] § 118.1 [a]-[c]). Since the registration requirement applies "for as long as the attorney remains duly admitted to the New York bar" (Rules of Chief Admr of Cts [22 NYCRR] § 118.1 [a]-[c]), it may only be terminated by the attorney's death, disbarment or formal resignation upon order of the Appellate Division (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22 [a]).[FN1]
The failure to duly register as an attorney "shall constitute conduct prejudicial to the administration of justice and shall be referred to the appropriate appellate division . . . for disciplinary action" (Judiciary Law § 468-a [5]; see Benjamin v Koeppel, 85 NY2d 549, 555-556 [1995]; Rules of Chief Admr of Cts [22 NYCRR] § 118.1 [h]). To be sure, the Rules of Professional Conduct explicitly define "conduct that is prejudicial to the administration of justice" as attorney misconduct (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]), and this Court has repeatedly and consistently held that an attorney's failure to comply with his or her registration requirements is professional misconduct [*2]warranting the imposition of discipline (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1707 [3d Dept 2019]; Matter of Attorneys in Violation of Judiciary Law § 468-a, 65 AD3d 1447, 1447-1448 [3d Dept 2009]; Matter of Arms, 251 AD2d 743, 743-744 [3d Dept 1998]; Matter of Ryan, 238 AD2d 713, 713-714 [3d Dept 1997]; Matter of Farley, 205 AD2d 874, 874-875 [3d Dept 1994]).
AGC has put forth uncontroverted evidence of respondents' misconduct in the form of documentary proof that each respondent has failed to fulfill his or her attorney registration obligations and remains delinquent in that obligation to date (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a] [5]). Accordingly, AGC's motion is hereby granted and the respondents listed on the schedule attached hereto are suspended, effective immediately and until further order of this Court (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c]).
Lynch, J.P., Clark, Aarons and Powers, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that the respondents listed on the schedule attached hereto are suspended from the practice of law, effective immediately, and until further order of this Court; and it is further
ORDERED that, for the period of suspension, respondents are commanded to desist and refrain from the practice of law in any form in the State of New York, either as a principal or as an agent, clerk or employee of another; and respondents are hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold him- or herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondents shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his or her affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that this Memorandum and Order on Motion shall be deemed served upon respondents by (1) its continuous publication on this Court's website, (2) weekly publication on this Court's Twitter account for a period not to exceed 30 days, (3) email delivery of the motion papers to "any and all email addresses on file" for each respondent with the Office of Court Administration, and (4) first-class mail to the last-known home address of each respondent without an email address on file with the Office of Court Administration.
SCHEDULE

NAME
REG ID

ALJALUDI, ZAK AHMAD
4732004

AQUILLA, THOMAS TRACY
3892627

AUSTIN, ORMAND R.
1814565

BARBER, KATHRYN M.
2385490

BENSON, ANDREA
1504588

BERMAN, CLAIRE SYLVIA
2220069

BRAMSON, ROBERT S.
1957281

CAREY, GERARD MARTIN JR.
1744333

CASUSCELLI, JAMES JOSEPH
1375518

CHAN, MYLENE
4025474

CLAVEL, ANNE SOLOMON
1101385

COVITZ, MORTON R.
1968114

DIAMOND, HAROLD N.
1672153

EADY, RICHARD W.
1370774

ENDERS, JOHN BRIAN
2332674

FOSTER, SUSAN MORGAN
2244366

GOLDWASER, REUBEN
1142553

GRONDA, DANIEL AMO
2981363

HANDLER, WILLIAM L.
1795780

HANNA, JOSEPH JOHN JR.
4449369

HAUS, RONALD ROBERT
1614353

JUNG, DAVID FREDERICK
1032432

LEE, SUN M.
4640587

MARTIN, JOHN LOUIS
2358091

MCCONNELL, KIMBERLY A.
2907137

MCDOWELL, BO YEON
4304465

MONE, CHARLES K.
4125506

MOYA, LEON GUANZON JR.
2079291

MYERS, NANCY LEPPERT
2108397

NZE NWOSU, ANTHONY EMEKA
4069514

PARNHAM, GEORGE JOSEPH
4942686

PILLER, TODD BARRY
1213537

RAMOS MORA, MANUEL M.
1879014

REIKEN, SAMUEL N.
2071744

ROACH, DAVID A.
1605013

ROGERS, ANDREW J.
1987817

ROTMAN, SCOTT RANDALL
2762391

SALONGA, ROMEO L.
2054310

SCHNEIDER, GEORGE LEO
2200681

SIBLEY, EDWARD
1983311

SIMON, MELVIN
1767557

SQUITIERI, GENEROSO GEORGE
2185130

SUSMAN, MORTON LEE
2339786

ZISMAN, ITZHAK
2432375

Footnotes

Footnote 1: We further observe that, over and above the biennial registration requirement, every New York attorney also has an affirmative duty to keep OCA apprised of his or her up-to-date contact information (see Rules of Chief Admr of Cts [22 NYCRR] § 118.1 [f]).