Matter of Martin (2024 NY Slip Op 03794)

Matter of Martin

2024 NY Slip Op 03794

Decided on July 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 11, 2024

PM-136-24
[*1]In the Matter of William Joseph Martin, an Attorney. (Attorney Registration No. 1783091.)

Calendar Date:July 8, 2024

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and Mackey, JJ.

William Joseph Martin, Rancho Palos Verdes, California, pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
William Joseph Martin was admitted to practice by this Court in 1971 and lists a business address in Rancho Palos Verdes, California with the Office of Court Administration. Martin now seeks leave to resign from the New York bar for nondisciplinary reasons (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the application by correspondence from its Deputy Chief Attorney.
As is noted by AGC, Martin is presently delinquent in his New York attorney registration requirements, having failed to register for the 2024-2025 biennial period (see Judiciary Law § 468-a; Rules of Chief Admr of Cts [22 NYCRR] § 118.1). Inasmuch as Martin is therefore subject to potential disciplinary action (see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1021 [3d Dept 2014]), he is ineligible for nondisciplinary resignation and his application must be denied (see Matter of Cluff, 148 AD3d 1346, 1346-1347 [3d Dept 2017]; Matter of Bomba, 146 AD3d 1226, 1226-1227 [3d Dept 2017]). Further, any future application by Martin must be supported by proof of his full satisfaction of the requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (see Matter of Frank, 146 AD3d 1228, 1228-1229 [3d Dept 2017]).
Egan Jr., J.P., Clark, Aarons, Ceresia and Mackey, JJ., concur.
ORDERED that William Joseph Martin's application for permission to resign is denied.