Matter of Patterson (2025 NY Slip Op 01034)

Matter of Patterson

2025 NY Slip Op 01034

Decided on February 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 20, 2025

PM-51-25
[*1]In the Matter of Robert Mark Patterson, an Attorney. (Attorney Registration No. 2066272.)

Calendar Date:February 10, 2025

Before:Garry, P.J., Egan Jr., Lynch, McShan and Powers, JJ.

Robert Mark Patterson, Santa Cruz, California, pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Robert Mark Patterson was admitted to practice by this Court in 1986 and lists a business address in Santa Cruz, California with the Office of Court Administration. Patterson now seeks leave to resign from the New York bar for nondisciplinary reasons (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the application, contending, first, that Patterson has omitted certain required and material attestations in his supporting affidavit, and, second, that he is otherwise ineligible for nondisciplinary resignation because he has failed to fulfill his attorney registration requirements for the most recent biennial period beginning in 2024 (see Judiciary Law § 468-a; Matter of Lee, 148 AD3d 1350 [3d Dept 2017]; Matter of Bomba, 146 AD3d 1226, 1226-1227 [3d Dept 2017]; Rules of Chief Admr of Cts [22 NYCRR] § 118.1).
In reply to AGC's opposition, however, Patterson has submitted a supplemental affidavit, sworn to February 6, 2025, in which he clarifies his prior sworn attestations in his primary affidavit and attests that he is now current in his New York attorney registration requirements. Furthermore, Office of Court Administration records likewise establish that Patterson has duly registered and cured any preexisting registration delinquency. Accordingly, with AGC voicing no other substantive objection to his application, and having determined that Patterson is now eligible to resign for nondisciplinary reasons (compare Matter of Tierney, 148 AD3d 1457, 1458 [3d Dept 2017]; Matter of Bomba, 146 AD3d at 1227), we grant the application and accept his resignation.
Garry, P.J., Egan Jr., Lynch, McShan and Powers, JJ., concur.
ORDERED that Robert Mark Patterson's application for permission to resign is granted and his nondisciplinary resignation is accepted; and it is further
ORDERED that Robert Mark Patterson's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further
ORDERED that Robert Mark Patterson is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and Patterson is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that Robert Mark Patterson shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.