Matter of Davidstoltz (2025 NY Slip Op 01419)

Matter of Davidstoltz

2025 NY Slip Op 01419

Decided on March 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 13, 2025

PM-72-25
[*1]In the Matter of Gerald Davidstoltz, an Attorney. (Attorney Registration No. 3026242.)

Calendar Date:March 3, 2025

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Gerald David Stoltz, Savannah, Georgia, pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Gerald David Stoltz was admitted to practice by this Court in 2000 and lists a business address in Savannah, Georgia with the Office of Court Administration. Stoltz has applied to this Court, by affidavit sworn to January 21, 2025, for leave to resign from the New York bar for nondisciplinary reasons (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the application, contending that Stoltz is ineligible for nondisciplinary resignation because he has failed to fulfill his attorney registration requirements for the most recent biennial period beginning in 2024 (see Judiciary Law § 468-a; Matter of Lee, 148 AD3d 1350 [3d Dept 2017]; Matter of Bomba, 146 AD3d 1226, 1226-1227 [3d Dept 2017]; Rules of Chief Admr of Cts [22 NYCRR] § 118.1).
In reply to AGC's opposition, however, Stoltz has submitted supplemental correspondence, in which he indicates that he is now current in his New York attorney registration requirements. Furthermore, Office of Court Administration records likewise establish that Stoltz has duly registered and cured any preexisting registration delinquency. Accordingly, with AGC voicing no other substantive objection to his application, and having determined that Stoltz is now eligible to resign for nondisciplinary reasons (compare Matter of Tierney, 148 AD3d 1457, 1458 [3d Dept 2017]; Matter of Bomba, 146 AD3d at 1227), we grant the application and accept his resignation.
Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that Gerald David Stoltz's application for permission to resign is granted and his nondisciplinary resignation is accepted; and it is further
ORDERED that Gerald David Stoltz's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further
ORDERED that Gerald David Stoltz is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and Stoltz is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that Gerald David Stoltz shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.