Matter of Wasserman (2025 NY Slip Op 03627)

Matter of Wasserman

2025 NY Slip Op 03627

Decided on June 12, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 12, 2025

PM-136-25
[*1]In the Matter of Susan R. Wasserman, an Attorney. (Attorney Registration No. 1941327.)

Calendar Date:June 9, 2025

Before:Garry, P.J., Egan Jr., Pritzker, Ceresia and Mackey, JJ.

Susan R. Wasserman, Santa Monica, California, pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Susan R. Wasserman was admitted to practice by this Court in 1984 and lists a business address in Los Angeles, California with the Office of Court Administration. Wasserman has applied to this Court, by affidavit sworn to April 3, 2025, for leave to resign from the New York bar for nondisciplinary reasons (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the application, contending that Wasserman is ineligible for nondisciplinary resignation because she has failed to fulfill her attorney registration requirements for the most recent biennial cycle beginning in 2024 (see Judiciary Law § 468-a; Matter of Lee, 148 AD3d 1350 [3d Dept 2017]; Matter of Bomba, 146 AD3d 1226, 1226-1227 [3d Dept 2017]; Rules of Chief Admr of Cts [22 NYCRR] § 118.1).
In reply to AGC's opposition, however, Wasserman has submitted supplemental correspondence with an attachment, dated June 4, 2025, in which she attests that she is now current in her New York attorney registration requirements. Furthermore, Office of Court Administration records likewise establish that Wasserman has duly registered and cured any preexisting registration delinquency. Accordingly, with AGC voicing no other substantive objection to her application, and having determined that Wasserman is now eligible to resign for nondisciplinary reasons (compare Matter of Tierney, 148 AD3d 1457, 1458 [3d Dept 2017]; Matter of Bomba, 146 AD3d at 1227), we grant the application and accept her resignation.
Garry, P.J., Egan Jr., Pritzker, Ceresia and Mackey, JJ., concur.
ORDERED that Susan R. Wasserman's application for permission to resign is granted and her nondisciplinary resignation is accepted; and it is further
ORDERED that Susan R. Wasserman's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further
ORDERED that Susan R. Wasserman is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and Wasserman is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that Susan R. Wasserman shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her.