Matter of Accili (2025 NY Slip Op 04073)

Matter of Accili

2025 NY Slip Op 04073

Decided on July 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 3, 2025

PM-150-25
[*1]In the Matter of Bernadette Accili, an Attorney. (Attorney Registration No. 2853364.)

Calendar Date:June 30, 2025

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Bernadette Accili, Milan, Italy, pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Bernadette Accili was admitted to practice by this Court in 1997 and lists a business address in Milan, Italy with the Office of Court Administration. Accili now seeks leave to resign from the New York bar for nondisciplinary reasons (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the application by correspondence from its Deputy Chief Attorney.
As is noted by AGC, Accili is presently delinquent in her New York attorney registration requirements, having failed to timely register for the 2025-2026 biennial period prior to filing the instant application with this Court (see Judiciary Law § 468-a; Rules of Chief Admr of Cts [22 NYCRR] § 118.1 [a]-[c]; compare Matter of Virgona, 238 AD3d 1466 [3d Dept 2025]). Inasmuch as Accili is therefore currently subject to potential disciplinary action (see Judiciary Law § 468-a [5]; Rules of Prof Conduct [22 NYCRR 1200.0] rule 8.4 [d]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1021 [3d Dept 2014]), she is ineligible for nondisciplinary resignation and her application must be denied (see Matter of Cluff, 148 AD3d 1346, 1346 [3d Dept 2017]; Matter of Bomba, 146 AD3d 1226, 1226-1227 [3d Dept 2017]). Further, any future application for leave to resign by Accili must be supported by proof of her full satisfaction of the requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (see Matter of Frank, 146 AD3d 1228, 1228-1229 [3d Dept 2017]).
Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that Bernadette Accili's application for permission to resign is denied.